PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| HASTINGS MUTUAL INSURANCE CO., | ) |
|     Plaintiff/Counterclaim Defendant, | ) CASE NO. 5:19CV1728 ) ) |
| v. | ) JUDGE BENITA Y. PEARSON ) ) |
| MENGEL DAIRY FARMS, LLC, | ) **MEMORANDUM OF OPINION AND** ) **ORDER** [Resolving ECF No. 25] |
|     Defendant/Counterclaimant. | ) |

Pending is Plaintiff/Counterclaim Defendant's Hastings Mutual Insurance Co. ("Hastings")'s motion to bifurcate and stay discovery regarding punitive damages. ECF No. 25. Defendant/Counterclaimant Mengel Dairy Farms, LLC ("Mengel") filed a brief in opposition. ECF No. 27. Hastings has not filed a reply brief and the time to do so has expired. For the reasons explained below, the motion is denied as to bifurcation and staying of discovery.

## I. Introduction

This litigation stems from the death of cattle on farms owned by Mengel. According to the Complaint, a stray electric current impacted the cattle's watering trough, which prevented the animals from drinking and resulted in their dehydration. ECF No. 1 at PageID #: 3, ¶ 13-15. After the cattle died, Mengel filed a claim with Hastings with whom it had an insurance policy. *Id.* at PageID #: 3, ¶ 17. Hastings paid this claim. *Id.* at PageID #: 3, ¶ 19. Mengel then submitted a separate claim for extra expenses investigating the aforementioned incident and a

(5:19CV1728)

claim for lost profits. *Id.* at PageID #: 4, ¶ 20-21. Hastings subsequently filed this action. *Id.* at PageID #: 4, ¶ 22.

Among other things, the parties' dispute hinges on whether the term "electrocution" in the insurance policy encompasses the stray electrical current impacting the animals' water supply and their eventual deaths. *Id.* at PageID #: 4-7. Hastings seeks a declaratory judgment that the cattle's deaths were not covered under the insurance policy and that Mengel never suspended operations under the terms on the insurance policy. *Id.* at PageID #: 7. After the action was filed, cattle continued to die. ECF No. 21 at PageID #: 229, ¶ 15-19. Mengel filed an amended claim for these additional deaths, cost of additional investigation and repair of the same alleged incident, and additional lost profits. *Id.* at PageID #: 229, ¶ 18-19. Mengel filed an amended counterclaim alleging breach of contract, insurance bad faith, breaching their duty of good faith and fair dealing, and unjust enrichment under Ohio law. *Id.* at PageID #: 231-34. Discovery is ongoing and its cutoff is January 31, 2020. ECF No. 10 at PageID #: 161.

**II. Standard of Review**

Under Fed. R. Civ. P. 42,[1] a district court may bifurcate trial "[f]or convenience, to avoid

---

[1] Although Hastings refers to Ohio Rev. Code 2315.21(B)(1) to invoke its right to bifurcation, at least one court has found that Rule 42 should govern because "the question of whether bifurcation is appropriate is governed by *federal* law under the teachings of *Erie R.R. Co v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed 1188(1938) and its progeny (particularly *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S.Ct 1136, 14 L.Ed. 2d. 8 (1965))." *Patel Family Trust v. AMCO Ins. Co.*, Case No. 2:11-CV-1003, 2012 WL 2883726, at *1 (S.D. Ohio July 13, 2012). Moreover, the Ohio statute governs bifurcation for trial matters, not discovery matters. *See Broad v. North Pointe Insurance Co.*, Case No. 5:11-

(continued...)

(5:19CV1728)

prejudice, or to expedite and economize." Only one of these criteria need to be present to justify bifurcation. *Prod. Design Servs., Inc. v. Sutherland-Schultz, Ltd.*, Case No. 3:13-CV-338, 2014 WL 6673838, at *2 (S.D. Ohio Nov. 21, 2014) (citing *Saxion v. Titan C Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996)). "Bifurcation is the exception to the general rule that disputes should be resolved in a single proceeding." *Shah v. Metropolitan Life Ins. Co.*, Case No. 2:16-CV-1124, 2017 WL 3288185, at *1 (S.D. Ohio 2017) (citations omitted). The party asserting a claim of prejudice must produce evidence of the prejudice. *Ferro Corp. v. Continental Cas. Co.*, Case No. 1:06-CV-1955, 2008 WL 5705575, at * 2, n.5 (N.D. Ohio 2008) (declining to "announce a per se rule in favor of bifurcation where a plaintiff makes a bad faith claim and the defendant complains, but provides no evidence, of prejudice."). "The ultimate decision to grant or deny bifurcation is left to the sound discretion of the trial court and a decision ordering bifurcation should be grounded in the facts and circumstances of each case." *Humenuik v. T-Mobile USA, Inc.*, No. 1:14-CV-02002, 2015 WL 3397861, at *1 (N.D. Ohio May 26, 2015).

"The decision whether to stay discovery of [a party's] bad faith claim is inherent to the Court's power to regulate discovery and within the sound discretion of the Court." *Gaffney v. Federal Ins. Co.*, Case No. 5:08-CV-76, 2008 WL 3980069, at *2 (N.D. Ohio Aug. 21, 2008) (citations omitted).

---

[1](...continued)
CV-2422, 2012 WL 12894227, at *2 n.3 (N.D. Ohio. August 30, 2013). Against this backdrop, the Court decides whether bifurcation is appropriate under Rule 42.

3

(5:19CV1728)

## III. Discussion

Besides seeking to bifurcate the punitive damages claims, Hastings also seeks to stay discovery related to punitive damages until the issue of whether their contract covers the animals' deaths is decided. ECF No. 25 at PageID #: 253. Hastings fails to indicate how it would be prejudiced by the discovery of information regarding punitive damages. *See Carpenter v. Liberty Ins. Corp.*, Case No. 3:17-CV-00228, 2017 WL 60551118, at *2 (S.D. Ohio Dec. 7, 2017) ("Liberty Insurance must specify how it will be prejudiced by revealing its insiders' look to Plaintiffs . . . . Liberty Insurance does not meet this specificity requirement because it does not indicate how revealing its evaluation of Plaintiffs' claims for benefits will hinder its ability to defend against Plaintiffs' breach-of-contract claim."); *Broad*, 2012 WL 12894227, at *2 ("Except for Defendant's generalized assertions of prejudice, Defendant has not identified what information requested by Plaintiff allegedly would be prejudicial to it."). In addition, bifurcating the claims at this stage might result in a second, redundant round of discovery and another round of dispositive motions, which is certainly not efficient nor expeditious. *See Carpenter*, 2017 WL 60551118, at *1. Moreover, "[b]y conducting simultaneous discovery of the coverage and bad faith claims, some discovery disputes will be eliminated and discovery will not be duplicated . . . resulting in a shorter overall discovery time." *Gaffney*, 2008 WL 3980069, at *3. Accordingly, the motion requesting bifurcation and stay of discovery pertaining to punitive damages is denied.[2]

---

[2] Should the matter proceed to trial, the Court will exercise its discretion in deciding the order of presentation of evidence.

4

(5:19CV1728)

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion is denied.

IT IS SO ORDERED.

 January 17, 2020                                      */s/ Benita Y. Pearson*
Date                                                   Benita Y. Pearson
                                                                United States District Judge